## McVAY v. MUTUAL BEN. HEALTH & ACCIDENT ASS'N OF OMAHA, NEB., et al.

### No. 2644.

District Court, N. D. Oklahoma.
June 14, 1938.

Hamilton & Clendinning, of Tulsa, Okl., for plaintiff.

Monnet & Savage, of Tulsa, Okl., for defendant.

FRANKLIN E. KENNAMER, District Judge.

This action seeks the recovery of damages on account of an alleged permanent injury to plaintiff. Plaintiff alleges that while in the employ of the defendant Chromium Plating Company he received such injury and at the time the defendant Mutual Benefit had issued its policy of insurance, which was in effect at the time of plaintiff's injury, except for the wrongful acts of the defendant, the plaintiff alleges to be the failure of Chromium Plating Company to pay premiums on the policy of insurance to the Mutual Benefit, despite the fact that plaintiff had paid premiums to Chromium Plating Company. It is alleged that the Chromium Plating Company solicited the insurance for the Mutual Benefit as its agent and collected premiums on such insurance as agent for Mutual Benefit, and that the policy would have been in force if the Chromium Plating Company had not wrongfully failed to pay the premiums. He alleges the policy was cancelled and attaches as an exhibit to his petition a letter from the agent of the Mutual Benefit, advising him of the cancellation of the policy. He also attaches the policy of insurance as an exhibit to his petition. Plaintiff seeks to recover as damages the amount he would have been entitled to under the policy, had it been continued in effect. The case was removed from the state court by the nonresident insurance company, and plaintiff seeks to remand the cause to the state court by his proper motion therefor.

The motion to remand should be denied for the reason that a separable controversy exists. If in fact premiums were paid to the Chromium Plating Company, and it was the agent of the Mutual Benefit, then the action should be on the policy, as the only question would be the right of Mutual Benefit to cancel the same. The agent, Chromium Plating Company, would not be liable under the policy, but only the Mutual Benefit have responsibility thereunder. On the other hand, if Chromium Plating Company embezzled the funds or wrongfully retained funds paid to it by plaintiff for Mutual Benefit, its liability would be in tort for damages, the amount being the sum misappropriated; but in a case of especial damages, the amount of such special damages. There could not be an embezzlement of funds by Mutual Benefit because if the money was paid to them such payment constituted a payment of premiums, which would have continued the policy in effect, and the issue would be the right of Mutual Benefit to cancel the policy.

Plaintiff insists that the action is for damages in tort, and is not upon the policy of insurance, and the plaintiff can sue in whatever form he chooses. The answer is

643

that plaintiff is bound by the cause of action as he pleads it, and the facts as pleaded disclose a cause of action against the Mutual Benefit on the insurance policy, in which the Chromium Plating Company is not involved. This constitutes a separable controversy.